IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A. § <br> *Applicant-Movant*, § <br> § <br> v. § <br> § <br> WILLIAM SNYDER AND SHIRLEY § <br> SNYDER, § <br> *Adverse Parties-Respondents*. § | Civil Action No. 7:23-cv-00107 |

## APPLICATION TO CONFIRM ARBITRAL AWARD AND, IN THE ALTERNATIVE, MOTION TO COMPEL ARBITRATION

Wells Fargo Bank, N.A. files this Application to Confirm Arbitral Award and, in the alternative, Motion to Compel Arbitration under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and respectfully shows the Court as follows:

### SUMMARY OF RELIEF REQUESTED

1. Wells Fargo is entitled to an order confirming a take-nothing arbitral award under 9 U.S.C. § 9 that was rendered in an agreed arbitration proceeding conducted by the American Arbitration Association between Wells Fargo and Adverse Parties William and Shirley Snyder in Midland, Texas.[1] The Honorable James A. Daross rendered a Final Award on June 5, 2023, related to the Snyders' claims demanding damages in excess of $1,000,000. The Final Award has not been vacated, modified, or corrected.

2. In the alternative, Wells Fargo is entitled to an order under 9 U.S.C. § 4 compelling arbitration of the claims the Snyders appear to reassert in an amended pleading filed on June 22, 2023, in a state court proceeding in Dallas County, Texas, requesting damages in excess of

---

[1] Attached hereto as **Exhibit A** is a true and correct copy of the Final Award.

$1,000,000. For unexplained reasons, the Snyders continue to pursue in state court the same claims previously addressed in the agreed arbitration despite the Final Award.

## PARTIES AND JURISDICTION

3.     Wells Fargo Bank, N.A. is a national banking association pursuant to federal law. As designated in its articles of association, Wells Fargo's main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota.  *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); *Rouse v. Wachovia Mort*., FSB, 747 F.3d 707, 715 (9th Cir. 2014) (holding that "Wells Fargo is a citizen only of South Dakota" because "under § 1348, a national banking association is a citizen only of the state in which its main office is located").

4.     William and Shirley Snyder are individuals domiciled in Midland, Texas.  The Snyders are citizens of Texas.  The Snyders are residents of this District.  The Final Award was made in this District.  Therefore, the Snyders are being served with this Application through the following attorneys of record in the arbitration proceeding:

> Butch Boyd
> Jillian Scherrer
> BUTCH BOYD LAW FIRM
> 2905 Sackett Street
> Houston, TX 77098
> butchboyd@butchboydlawfirm.com
> jillianscherrer@butchboydlawfirm.com
>
> Michael T. Gallagher
> THE GALLAGHER LAW FIRM PLLC
> 2905 Sackett Street
> Houston, Texas 77098-1127
> mike@gld-law.com
>
> L. Boyd Smith Jr.
> THE BOYD SMITH LAW FIRM PLLC
> 2905 Sackett Street
> Houston, TX 77098
> bsmith@boydsmithlaw.com

*See* 9 U.S.C. §§ 4, 9; FED. R. CIV. P. 5(b), 81(a)(6)(B).

5. This Court has jurisdiction to render an order confirming the Final Award under 9 U.S.C. § 9 and, in the alternative, render an order compelling arbitration of the claims re-alleged in the State Court Action under 9 U.S.C. § 4 based on diversity jurisdiction under 28 U.S.C. § 1332. *See Aptim Corp. v. McCall*, 888 F.3d 129, 138 (5th Cir. 2018) (providing that federal and state courts have concurrent jurisdiction under the Federal Arbitration Act). Wells Fargo and the Snyders are citizens of different states. The amount in controversy exceeds $75,000 because the Snyders demanded and sought amounts in excess of $1,000,000 in both the arbitration proceeding and in the "amended petition" subsequently filed in the State Court Action.

### BACKGROUND

6. On February 9, 2022, the Snyders filed their *Original Petition and Jury Demand* against Wells Fargo and others in Cause No. DC-22-01638 in the 162nd District Court for Dallas County, Texas, seeking monetary relief in excess of $1,000,000 (the "State Court Action").[2]

7. On June 7, 2022, the state court rendered an Agreed Order Compelling Arbitration and Staying Proceedings that compelled the Parties to arbitrate "all claims and controversies between [the Parties]" pursuant to the terms of the agreements to arbitrate between the Parties.[3]

8. On or around July 8, 2022, the Snyders filed their Statement of Claim and the applicable arbitration agreements with AAA, which assigned Case No. 01-22-0002-8877.[4] The Snyders demanded damages in excess of $1,000,000 in the Statement of Claim premised on causes

---

[2] Attached hereto as **Exhibit B-1** is a true and correct copy of Plaintiff's Original Petition and Jury Demand.

[3] Attached hereto as **Exhibit B-2** is a true and correct copy of the Agreed Order Compelling Arbitration and Staying Proceedings.

[4] Attached hereto as **Exhibits C-1, C-2, C-3, and C-4** are true and correct copies of the Statement of Claim, Deposit Account Agreement, Online Access Agreement, and Consumer Credit Card Customer Agreement and Disclosure Statement, respectively.

of action for negligence per se, breach of fiduciary duty, vicarious liability, and gross negligence relating to Wells Fargo allegedly permitting Mr. Snyder to withdraw large amounts of cash from his Wells Fargo's bank account in person at Wells Fargo's branches in Midland, Texas, without reporting to appropriate authorities suspected financial exploitation.

9. The parties' arbitration agreement provides that (a) the Federal Arbitration Act governs the arbitration agreement, (b) the AAA's Consumer Arbitration Rules apply, and (c) the state or federal courts in Texas are the exclusive forum for the enforcement of the arbitration agreement, including the entry of any judgment on any arbitration award. *See* **Ex. C-2** at 7. Rule R-49(c) of the AAA's Consumer Arbitration Rules additionally provides that "[p]arties to an arbitration under these Rules shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof."

10. On October 3, 2022, after the parties agreed to stay the state court action and proceed to arbitration, AAA determined that the arbitration was to be held in Midland, Texas.[5]

11. On October 21, 2022, AAA confirmed the appointment of the Honorable James Daross to serve as arbitrator in the arbitration.[6]

12. On December 15, 2022, the Honorable James Daross rendered a Report of Preliminary Management Hearing and Scheduling Order in the arbitration.

13. On March 22, 2023, Wells Fargo filed its Rule 33 Dispositive Motion seeking a take-nothing award as to the Snyders' claims alleged against it.[7]

---

[5] Attached hereto as **Exhibit C-5** is a true and correct copy of correspondence from AAA to the Parties' counsel dated October 3, 2022, determining that Midland, Texas, shall be the locale for the arbitration proceeding.

[6] Attached hereto as **Exhibit C-6** is a true and correct copy of correspondence from AAA to the Parties' counsel dated October 21, 2022, confirming the appointment of the Honorable James Daross as arbitrator.

[7] Attached hereto as **Exhibit C-7** is a true and correct copy of Wells Fargo's Rule 33 Dispositive Motion.

14. On April 27, 2023, the Honorable James Daross rendered (a) an Order on Claimants' Motion for Leave to Amend Pleadings that denied the Snyders' request to file an untimely amended statement of claim and (b) an Order on Respondent's Rule 33 Dispositive Motion that rendered an interim take-nothing award in favor of Wells Fargo pending a final resolution of attorney's fees and costs.[8]

15. On June 5, 2023, the Honorable James Daross rendered a Final Award in the arbitration that the Snyders take nothing from Wells Fargo. *See* **Ex. A**. The Final Award additionally incorporated by reference Wells Fargo's Rule 33 Dispositive Motion. *See* **Ex. A**.

16. On June 22, 2023, the Snyders filed their *Amended Original Petition and Jury Demand Directed to Defendant Wells Fargo Bank, N.A. Only* in the State Court Action seeking actual damages in excess of $1,000,000 premised on the same factual allegations and asserting the same untimely claims that Arbitrator Daross precluded the Snyders from asserting in the arbitration.[9] *Compare* **Ex. C-8**, *with* **Ex. B-3**. However, the Snyders made no reference to the prior agreed arbitration proceedings or the Final Award.

### APPLICATION TO CONFIRM FINAL AWARD

17. Under the Federal Arbitration Act, "a court 'must' confirm an arbitration award 'unless' it is vacated, modified, or corrected 'as prescribed' in §§ 10 and 11." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008) (quoting 9 U.S.C. § 9).

18. The Final Award has not been vacated, modified, or corrected under 9 U.S.C. §§ 10–12.

19. Therefore, the Court must render an order confirming the Final Award.

---

[8] Attached hereto as **Exhibit C-8** and **C-9** are true and correct copies of the Order on Claimants' Motion for Leave to Amend Pleadings and Order on Respondent's Rule 33 Dispositive Motion, respectively.

[9] Attached hereto as **Exhibit B-3** is a true and correct copy of the Amended Original Petition and Jury Demand Directed to Defendant Wells Fargo Bank, N.A. Only.

### ALTERNATIVE MOTION TO COMPEL ARBITRATION

20. The Final Award precludes the Snyders from pursuing the claims they reassert in their amended pleading filed in the State Court Action. However, the Court should alternatively render an order compelling arbitration of the claims the Snyders reasserted in their amended pleading in the State Court Action should the Court not otherwise confirm the Final Award.

21. "Enforcement of an arbitration agreement involves two analytical steps: (1) whether there is a valid agreement to arbitrate; and (2) whether the dispute falls within the scope of that agreement." *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018). Both steps are met here.

22. First, there is a valid agreement to arbitrate because the Snyders agreed to arbitrate disputes between the parties by applying for and ultimately receiving banking services provided by Wells Fargo. *See* **Exs. C-2, C-3, C-4**. These are the same valid agreements that the Snyders filed with AAA in support of their Statement of Claim.

23. Second, the dispute detailed in the amended pleading filed in the State Court Action falls within the scope of the parties' arbitration agreements. *See* **Exs. C-2** at 7 ("A dispute is any unresolved disagreement between Wells Fargo and you."), **C-3** at 40 (defining the applicable disputes), **C-4** at 12 ("A 'Dispute' is any unresolved disagreement between you and the Bank.").

24. Therefore, the Court should alternatively render an order compelling arbitration of the claims the Snyders reasserted in their amended pleading in the State Court Action should the Court not otherwise confirm the Final Award.

### PRAYER

WHEREFORE, Wells Fargo requests an order confirming the Final Award under 9 U.S.C. § 9. In the alternative and subject to Wells Fargo's request to confirm the Final Award, Wells

Fargo requests an order under 9 U.S.C. § 4 compelling the Snyders to arbitrate their claims they reassert in the State Court Action.  Wells Fargo additionally requests all other relief in which it may be entitled to.

Respectfully submitted,

**B. David L. Foster**
State Bar No. 24031555
**Daniel Durell**
State Bar No. 24078450
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
daniel.durell@lockelord.com
dfoster@lockelord.com
chris.garcia@lockelord.com

**Robert T. Mowrey**
State Bar No. 14607500
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

**ATTORNEYS FOR WELLS FARGO BANK, N.A.**

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on this the 11th day of July, 2023, as indicated below to the following:

**VIA U.S. MAIL, EMAIL & CMRRR**
**NO. 9214 7969 0099 9790 1648 3261 56**
Butch Boyd
Jillian Scherrer
BUTCH BOYD LAW FIRM
2905 Sackett Street
Houston, TX 77098
butchboyd@butchboydlawfirm.com
jillianscherrer@butchboydlawfirm.com
*Attorneys for Defendants*

**VIA U.S. MAIL, EMAIL & CMRRR**
**NO. 9214 7969 0099 9790 1648 3262 55**
Michael T. Gallagher
THE GALLAGHER LAW FIRM PLLC
2905 Sackett Street
Houston, Texas 77098-1127
mike@gld-law.com
*Attorneys for Defendants*

**VIA U.S. MAIL, EMAIL & CMRRR**
**NO. 9214 7969 0099 9790 1648 3263 47**
L. Boyd Smith Jr.
THE BOYD SMITH LAW FIRM PLLC
2905 Sackett Street
Houston, TX 77098
bsmith@boydsmithlaw.com
*Attorneys for Defendants*

_____
Daniel Durell

8

133674986v.2 0108351/00001