# Durell, Daniel

| | |
|---|---|
| **From:** | Foster, Dave |
| **Sent:** | Wednesday, December 14, 2022 10:36 AM |
| **To:** | James Daross; NathanielSorber@adr.org; Mowrey, Robert T.; butchboyd@butchboydlawfirm.com |
| **Cc:** | mike@gld-law.com; sandymurray@butchboydlawfirm.com; mikeblanchard@Butchboydlawfirm.com; Blankenship, Denise; Durell, Daniel; LeRae Karn; Jillian Scherrer |
| **Subject:** | RE: William Snyder and Shirley Snyder v. Wells Fargo Bank, N.A. - Case 01-22-0002-8877 |
| **Attachments:** | Draft AAA Sample Scheduling Order- -mjb (002)-c.docx |

Jim,

Attached is the parties' proposed Report of Preliminary Management Hearing and Scheduling Order.  Please let us know if you have any follow up questions or concerns.  Thank you.

Dave Foster

B. David L. Foster
Locke Lord LLP
600 Congress Avenue, Suite 2200
Austin, Texas  78701
512-305-4751 Direct
512-305-4800 Fax
dfoster@lockelord.com
www.lockelord.com

---

**From:** James Daross <Jdaross@darosslaw.com>
**Sent:** Wednesday, November 30, 2022 12:38 PM
**To:** NathanielSorber@adr.org; Mowrey, Robert T. <rmowrey@lockelord.com>; butchboyd@butchboydlawfirm.com
**Cc:** mike@gld-law.com; sandymurray@butchboydlawfirm.com; mikeblanchard@Butchboydlawfirm.com; Blankenship, Denise <dblankenship@lockelord.com>; Durell, Daniel <daniel.durell@lockelord.com>; Foster, Dave <dfoster@lockelord.com>
**Subject:** Re: William Snyder and Shirley Snyder v. Wells Fargo Bank, N.A. - Case 01-22-0002-8877

**\*\* External Email -- Sender:** Jdaross@darosslaw.com **\*\***

Counsel,

The language set forth below has been used in other scheduling orders to protect personal identifying information:

> Having reviewed the *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy* and discussing what specific precautions might be required with regard to cybersecurity, privacy, and data protection in order to ensure an appropriate level of security for this case, the following measures, if any, shall be implemented: To protect the personal privacy and other legitimate interests, parties and their

1

Exhibit C - Page 1

attorneys must not include, or must redact where inclusion is necessary, from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used.

Jim Daross
James A. Daross
Daross Law Office
4809 Costa de Oro Road
El Paso, Texas 79922-1703
915.549.7805
915.974.3912 Fax
jdaross@DarossLaw.com
http://www.DarossLaw.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s), may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

---

**From:** NathanielSorber@adr.org <NathanielSorber@adr.org>
**Sent:** Tuesday, November 22, 2022 11:45 AM
**To:** rmowrey@lockelord.com <rmowrey@lockelord.com>; butchboyd@butchboydlawfirm.com <butchboyd@butchboydlawfirm.com>
**Cc:** mike@gld-law.com <mike@gld-law.com>; sandymurray@butchboydlawfirm.com <sandymurray@butchboydlawfirm.com>; mikeblanchard@Butchboydlawfirm.com <mikeblanchard@Butchboydlawfirm.com>; dblankenship@lockelord.com <dblankenship@lockelord.com>; daniel.durell@lockelord.com <daniel.durell@lockelord.com>; dfoster@lockelord.com <dfoster@lockelord.com>
**Subject:** William Snyder and Shirley Snyder v. Wells Fargo Bank, N.A. - Case 01-22-0002-8877

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.



**AAA Nathaniel Sorber**
**Case Administrator II**

American Arbitration Association

T: 559 475 6269   E: NathanielSorber@adr.org
45 E River Park Place West, Suite 308, Fresno, CA 93720
adr.org  |  icdr.org  |  aaamediation.org



The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review,

use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.



# REPORT OF PRELIMINARY MANAGEMENT HEARING AND SCHEDULING ORDER

Case Number: 01-22-0002-8877

William Snyder and Shirley Snyder
-vs-
Wells Fargo Bank, N.A.

Pursuant to the Consumer Arbitration Rules of the American Arbitration Association (AAA) a telephonic Preliminary Hearing was held on November 30, 2022, before Arbitrator Hon. James A Daross.

The following attendees participated in the Preliminary Hearing:

For Claimant(s): Mike Blanchard

For Respondent(s): Dave Foster, Rob Mowrey

Other participants:

**By agreement of the parties and/or by Order of the Arbitrator, the following is now in effect:**

1. **Hearings**:

a. An **in-person evidentiary hearing** in this matter will commence before the Arbitrator(s) in Midland, Texas, at a location to be agreed to by the parties on June 6, 2022 at 9:00 am/pm for an estimated 3 day(s) of hearing time, inclusive of arguments. However, either party may request that the hearing be conducted via Zoom either by agreement of the parties or by subsequent order of the Arbitrator upon a showing of good cause.

An approximate number of hearing attendees: 8 (estimate).

This is a firm setting and will not be continued absent exceptional circumstances, upon a showing of good cause.

2. **Claim/Counterclaim** (Consumer Rule R-8):

The Claim is currently identified as: William Snyder and Shirley Snyder's Statement of Claim

Pursuant to the direction of the Arbitrator(s), all parties shall amend/specify claims and/or counterclaims by December 31, 2022.

Responses, if any, to new or different claims/counterclaims are due fourteen (14) calendar days from the date the AAA notifies the parties it received the new or different claim/counterclaim.

3. **Applicable Law**

The Federal arbitration statute/act will apply in this Arbitration and Texas law will be applied substantively to the arbitration.

Exhibit C - Page 4

4. **Dispositive Motions** (Consumer Rule R-33):

    The Arbitrator may allow the filing of a dispositive motion if the arbitrator determines that the moving party has shown substantial cause that the motion is likely to succeed and dispose of or narrow the issues of the case.

    Dispositive motions should be filed in advance of the scheduled hearing. The arbitrator may determine that a dispositive motion will be heard at the hearing.

    If a Party is granted leave to file a dispositive motion, the following briefing schedule shall apply:

    The opening brief will be filed and served on or before <u>14 days after the arbitrator grants leave to file a dispositive motion</u>, not to exceed <u>15</u> pages in length. This will be <u>exclusive</u> of exhibits.

    The response brief will be filed and served on or before <u>21 days after the opening brief is filed and served</u>, not to exceed <u>15</u> pages in length. This will be <u>exclusive</u> of exhibits.

    The reply brief will be filed and served on or before <u>7 days after the response brief is filed and served</u>, not to exceed <u>5</u> pages in length. This will be <u>exclusive</u> of exhibits.

    The Arbitrator's ruling will be issued promptly after the final brief has been filed.

5. **Written Motions** (Consumer Rule R-24):

    The arbitrator may consider a party's request to file a written motion (other than a dispositive motion) only after the parties and the arbitrator conduct a conference call to attempt to resolve the issue that gives rise to the proposed motion. Only after the parties and the arbitrator hold the call may the arbitrator consider a party's request to file a written motion. The arbitrator has the sole discretion to allow or deny the filing of a written motion and his or her decision is final. The parties are urged to meet and confer in good faith prior to requesting a motion be filed.

6. **Exchange of Information** (Consumer Rule R-22):

    <u>Discovery</u>. The parties are authorized to conduct the following discovery through the discovery cutoff date of <u>April 22, 2023</u> (all discovery shall be completed by this date):

    a. <u>15</u> interrogatories per side with responses due <u>30</u> days after service;

    b. <u>25</u> requests for production per side with responses due <u>30</u> days after service;

    c. Party and non-party depositions are limited to <u>4</u> hours per side per deposition to be conducted either in person or remotely as to be agreed by the parties;

    d. Subpoenas to secure the appearance of non-party witnesses or documents will be issued by the Arbitrator. The party requesting the subpoena shall disclose the subpoena to and shall confer with the other party prior to requesting its issuance and shall indicate if any party opposes the issuance. If any party objects to issuance of the subpoena or the content of any subpoena, such objection shall be presented to the Arbitrator no more than <u>3</u> business days after issuance is requested, unless a shorter time is ordered by the Arbitrator.

    <u>Exchange of Exhibits</u>. Not later than <u>May 16, 2023</u>, the parties shall exchange all copies of (or, when

Exhibit C - Page 5

appropriate, make available for inspection) all exhibits to be offered and all schedules, summaries, diagrams and charts to be used at the hearing and itemized claims and counterclaims.

    a. The AAA does not require a copy of the exhibits for our file.

    b. Each party shall bring sufficient copies to the hearing for opposing parties, the Arbitrator(s), and the witness.

    c. Each proposed exhibit shall be pre-marked for identification using the following designations:

| Party | Exhibit # | To Exhibit # |
| --- | --- | --- |
| Claimant | C1 | C_____ |
| Respondent | R1 | R_____ |
| Joint | J1 | J_____ |

    d. The parties shall attempt to agree upon and submit a jointly prepared consolidated and comprehensive set of joint exhibits and number the exhibits with the prefix J. The joint exhibits are due May 23, 2023.

Witness Designations. Not later than May 8, 2023, the parties shall exchange their lists of fact and expert witnesses, including rebuttal witnesses that reasonably should be anticipated, that each intends to call at trial.

Depo Designations. Not later than May 16, 2023, the parties shall exchange page and line references for all deposition testimony to be offered in the case in chief. Not later than May 23, 2023, the parties shall exchange cross-designations of page and line references of all deposition testimony to be used at the hearing.

Exhibit/Depo Objections. Not later than May 26, 2023, the parties shall file and serve their written objections to deposition references, deposition cross-references, and exhibits.

The parties shall comply with Tex. R. Civ. P. 193.5 with respect to the duty to amend or supplement the party's written discovery responses. The Parties may change the deadlines within section 6 and 8 by written agreement.

7. **Cybersecurity and Privacy:**

Having reviewed the *AAA-ICDR® Best Practices Guide for Maintaining Cybersecurity and Privacy* and discussing what specific precautions might be required with regard to cybersecurity, privacy, and data protection in order to ensure an appropriate level of security for this case, the following measures, if any, shall be implemented:

To protect the personal privacy and other legitimate interests, parties and their attorneys must not include, or must redact where inclusion is necessary, from all pleadings, personal identifiable information such as social security numbers and financial account numbers. If account numbers are required, only the last four digits of a number may be used.

    Confidentiality Order: Within 14 days from the date this Order is entered, the parties shall present

Exhibit C - Page 6

to the Arbitrator an Agreed Confidentiality and Protective Order.

8. **Initial Disclosures/Expert Witnesses** (Consumer Rule R-22):

    The parties shall exchange initial disclosures in the form contemplated by Tex. R. Civ. P. 194.2 on or before <u>December 22, 2022</u>.

    Not later than <u>March 1, 2023</u>, Claimant shall provide the information contemplated by Tex. R. Civ. P. 195 for any testifying experts.

    Not later than <u>April 14, 2023</u>, Respondent shall provide the information contemplated by Tex. R. Civ. P. 195 for any testifying experts.

9. **Post-Hearing Submission Regarding Costs**:

    Pursuant to the applicable arbitration agreement: (a) Claimants are entitled to recover up to $700.00 for arbitration filing fees paid by Claimants should the Arbitrator rule in Claimants' favor on any claim presented upon submission of evidence of the paid filing fee; and (b) each party will pay its own attorney, expert, and witness fees. If a party asserts a claim for which attorneys' fees are normally recoverable under Texas law and the party prevails on that claim, the party seeking to recover fees will have fourteen (14) days to submit a brief (1) identifying why the arbitration provision does not bar recovery; and (2) providing support why the requested fees are reasonable and necessary. The responding party will have fourteen (14) days to respond.

10. **Disclosures of the Arbitrator**:

    Each party and counsel has a continuing obligation to protect the integrity of the arbitration proceeding by promptly providing the Arbitrator the information necessary to allow him/her/them to comply with his/her/their ongoing duty of disclosure pursuant to the Code of Ethics for Arbitrators in Commercial Disputes and the American Arbitration Association.

    Counsel, for themselves and for each of their clients, acknowledge the continuing obligation to supplement the identification of potential fact and expert witnesses, consulting experts, counsel participation and representation in any capacity, and any other individual or entity interested in the outcome of the arbitration.

    Any issues concerning disqualification of the Arbitrator shall be raised promptly with the AAA.

11. **Communication**:

    Communication with the Arbitrator will be conducted via a direct exchange.

    All correspondence shall be submitted directly to the Arbitrator and must be sent simultaneously to all other case participants and the AAA. The Arbitrator may communicate in writing with the parties and will send a copy of the communication to the AAA as well. There shall be no direct oral communication between the parties and the Arbitrator, except at oral hearings. Documents and correspondence for the Arbitrator shall be sent to:

12. **Award** (Consumer Rule R-43):

    Any award shall be in writing and executed in the form and manner required by law. The award shall be a reasoned award and provide the concise written reasons for the decision unless the parties all agree otherwise. The arbitrator shall decide any disagreements over the form of the award.

    The award shall be issued no later than 30 calendar days from the date the hearing is declared closed by the arbitrator.

Exhibit C - Page 7

All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expeditious and fair resolution of this matter.

This order shall continue in effect unless and until amended by subsequent order of the Arbitrator.

_____                              _____
               Date                                                                              Hon. James A Daross, Arbitrator