AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| WILLIAM SNYDER AND SHIRLEY SNYDER,<br>    *Claimants*,<br><br>vs.<br><br>WELLS FARGO BANK, N.A.,<br>    *Respondent*. | Case No. 01-22-0002-8877<br><br>**RESPONDENT'S RESPONSE IN OPPOSITION TO CLAIMANT'S MOTION FOR LEAVE TO AMEND PLEADINGS** |

    Respondent Wells Fargo Bank, N.A. files this Response in Opposition to Claimants William and Shirley Snyder's Motion for Leave to Amend Pleadings.

### SUMMARY OF OPPOSITION

    The Arbitrator should deny the Motion because Claimants have failed to establish good cause for filing an untimely amendment reinventing their legal theories almost four months after the pleadings deadline expired and after Wells Fargo filed its Rule 33 Dispositive Motion. Significantly, the Arbitrator cautioned the parties in the Scheduling Order that:

> **All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expeditious and fair resolution of this matter.**

Allowing Claimants reprieve from the strict enforcement of the pleadings deadline to completely reinvent their legal theories at this stage of the proceedings would be unfair, inefficient, and prejudicial.

    <u>First</u>, Claimants characterize the nature of their requested amendment as simply a "cure" of alleged pleading deficiencies in response to an analogous state court motion to dismiss. Not true. Claimants plainly seek to entirely *replace* their existing legal theory—which has been active for more than nine months from the filing of the initial Statement of Claim—with newly asserted

1

legal theories. Such a wholesale transformation cannot be characterized as simply "curing" pleading deficiencies.

Second, Claimants argue that they have a "right" to amend "freely." Not so. The Consumer Arbitration Rules related to altering deadlines mirror the good-cause standard under Federal Rule of Civil Procedure 16, which requires Claimants to show that the December 31, 2022 pleadings deadline could not have been reasonably met despite Claimants' diligence.[1] Claimants do not (and cannot) make this showing. The newly asserted legal theories were available to Claimants more than fourteen months ago when they originally filed their state court lawsuit. None of the material facts have changed between December 31, 2022 and April 18, 2023.

Third, the timing and scope of the requested amendment is prejudicial. Wells Fargo dedicated significant time and resources drafting the Rule 33 Dispositive Motion in reliance on the Scheduling Order's pleadings deadline, the Scheduling Order's strict-enforcement mandate, and Claimants' discovery responses. The timing of the Rule 33 Dispositive Motion distinguishes it from Claimants' attempt to treat it as a motion to dismiss under Texas Rule of Civil Procedure 91a, which must be filed within sixty days of service.

The proposed amendment significantly expands the legal scope of the alleged wrongful conduct and, at a minimum, would require Wells Fargo to amend its responsive pleading, conduct additional discovery, engage in expert-related discovery, and draft a second dispositive motion addressing the new liability theories. Allowing Claimants to reinvent their legal theories would deprive Wells Fargo of an efficient and fair resolution of the arbitration. Therefore, the Arbitrator should deny the Motion.

---

[1] Respondent incorrectly quotes from the Commercial Arbitration Rules. *See* Mot. at 2 (quoting Rule 6(b) of the *Commercial* Arbitration Rules).

2

**RELEVANT BACKGROUND**

A.   **The State Court Lawsuit**

On February 9, 2022, Claimants filed a state court lawsuit against Wells Fargo alleging to be victims of an "IT support" scam. In short, Claimants alleged that an out-of-state scammer convinced Mr. Snyder that his computer had been hacked and his financial accounts had been compromised. The scammers' solution: (1) incrementally withdraw cash; (2) wrap it in foil, bubble wrap, and shipping paper; (3) mail it to multiple out-of-state addresses; and (4) tell no one. Unfortunately, Mr. Snyder complied.

Over a period of eight months, Mr. Snyder withdrew millions from Claimants' Wells Fargo checking account through at least sixty transactions at branches in Midland, Texas. Claimants alleged that their unusual banking activity provided Wells Fargo "cause to believe" that they were being financially exploited. As a result, Claimants argued that Wells Fargo had a duty to report suspected financial exploitation to the Texas Department of Family and Protective Services under Chapter 281 of the Texas Finance Code (the "Act"). This alleged duty formed the sole basis of Claimants' causes of action for negligence per se and breach of fiduciary duty.

B.   **The Arbitration Demand and Proceeding**

On May 9, 2022, Wells Fargo's counsel provided Claimants' counsel with Wells Fargo's Deposit Account Agreement in support of Wells Fargo's anticipated motion to compel arbitration. On June 7, 2022, the state court rendered an Agreed Order Compelling Arbitration and Staying Proceedings.

On July 6, 2022, Claimants filed their Statement of Claim in the Arbitration. The Claim mirrored their state court lawsuit. On December 15, 2022, the Arbitrator issued the Report of

3

Preliminary Management Hearing and Scheduling Order, which provided an agreed-upon December 31, 2022 deadline to file new or amended claims or counterclaims.

On December 22, 2022, Claimants served their initial disclosures that incorporated by reference "the Statement of Claim (and any amendments)" as describing Claimants' legal theories. On January 20, 2023, Wells Fargo received Claimants' discovery responses to Wells Fargo's written discovery requests.

On March 1, 2023, Wells Fargo filed its Agreed Motion for Leave to File a Dispositive Motion, which included its proposed Rule 33 Dispositive Motion as an exhibit. In short, Wells Fargo argued that Claimants' tort-based theories require the existence of a legal duty and that no such duty existed as a matter of Texas law because (1) the Act cannot be used to impose tort-based liability in the absence of a private right of action, and (2) there is no fiduciary relationship between Claimants and Wells Fargo.

On March 21, 2023, the Arbitrator granted Wells Fargo leave to file its Rule 33 Dispositive Motion, which Wells Fargo filed the next day. The Arbitrator ordered Claimants to file a response on or before April 18, 2023.

On April 18, 2023, Wells Fargo filed an Agreed Motion to Amend Scheduling Order that proposed extending expert and discovery deadlines, as well as the final hearing date. The purpose of the request was made clear. Given the pending Rule 33 Dispositive Motion and approaching discovery deadline, Wells Fargo was seeking "to avoid incurring potentially unnecessary expenses."

### C.     The Proposed Amendment

On April 18, 2023, Claimants filed their (1) Motion for Leave to Amend Pleadings, along with a proposed Amended Statement of Claim, and (2) Response to Wells Fargo's Rule 33

Dispositive Motion. In both the Motion and Response, Claimants argue that the proposed Amended Statement of Claim is needed "to cure alleged deficiencies claimed in Wells Fargo's [Rule 33 Dispositive Motion]," which Claimants construe as a motion to dismiss under Texas Rule of Civil Procedure 91a. Claimants do not otherwise address the merits of the Rule 33 Dispositive Motion.

The proposed Amended Statement of Claim *completely* reinvents Claimants' legal theory that had been at issue for over fourteen months. Claimants removed all references to the Act and any alleged duty thereunder. In its place, Claimants' *new* legal theories can be summarized as follows:

- Negligence Per Se. Wells Fargo's employees were negligent per se because they violated Section 32.53 of the Texas Penal Code. Wells Fargo's employees "recklessly caused the exploitation" of Mr. Snyder by "approving" his cash withdrawal requests "when they had cause to believe William was being subjected to financial exploitation."

- Breach of Fiduciary Duty. Wells Fargo breached "a [fiduciary] duty to restrict access to Claimants' deposit account if Wells Fargo suspected any suspicious, unauthorized, or unlawful activities."

- Common Law Negligence/Gross Negligence. Wells Fargo breached duties to (a) implement policies and procedures related to the Bank Secrecy Act, (b) adhere to banking industry standards, (c) implement actions outlined in governmental compliance programs, (d) properly train its employees, (e) understand and develop customer risk profiles, (f) conduct ongoing monitoring to identify and report suspicious transactions, and (g) and exercise ordinary care consistent with reasonable commercial standards.

- Breach of Deposit Account Agreement. Wells Fargo breached duties to (a) exercise ordinary care in observance of reasonable commercial standards with respect to Claimants' deposit account," and (b) restrict access to Claimants' account.

**ARGUMENT AND AUTHORITY**

Claimants argue that they have the "right" to "freely" amend their pleading. *See* Mot. at 2–3. Not so. Consumer Rule 8 provides: "If an arbitrator has already been appointed, a new or different claim or counterclaim may only be considered if the arbitrator allows it." Consumer Rule

21 authorizes an arbitrator to "issue written orders that state the arbitrator's decisions made during or as a result of the preliminary management hearing." Through the Scheduling Order, the Arbitrator "allowed" an amended claim so long as it was filed on or before December 31, 2022.

Consumer Rule 51 provides that "the arbitrator may for *good cause* extend any period of time in these Rules." Consumer Rule 51 cautions against extending deadlines—even at the agreed request of the parties—if the extension "negatively affects the efficient resolution of the dispute." Consumer Rule 51 does not define "good cause."

The procedural aspects of the above-referenced Consumer Rules are similar to Federal Rule of Civil Procedure 16. Federal Rule 16 authorizes courts to conduct pretrial hearings, issue scheduling orders limiting the time to amend pleadings, and modify scheduling orders "only for good cause and with the judge's consent." *See* FED. R. CIV. P. 16(a), (b)(3)–(4). The good-cause standard requires the "party seeking relief to show that the deadlines [could not] reasonably [have been] met despite the diligence of the party needing the extension." *S & W Enters., L.L.C. v. SouthTrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003). This standard comports with Consumer Rule 51's efficiency goal and the Arbitrator's warning to the Parties in the Scheduling Order:

> **All deadlines stated herein will be strictly enforced and adhered to in order to avoid unnecessary delay and to ensure an expeditious and fair resolution of this matter.**

The Arbitrator should deny Claimants leave to amend because they have failed to establish good cause. Claimants cannot explain how they were prevented from timely asserting their new legal theories on or before December 31, 2022. Lack of due diligence aside, Claimants' requested amendment would unfairly prejudice Wells Fargo.

**A.  Claimants fail to explain their lack of diligence in amending their claim before the pleadings deadline.**

Claimants fail to proffer any explanation—much less a sufficient one—for their failure to timely amend within the Scheduling Order's deadline. The Fifth Circuit routinely affirms denials of leave to amend when parties attempt to assert new legal theories that were previously available to them prior to the pleadings deadline:

- "Simply put, it is difficult to conceive of a reason why Plaintiffs-Appellants would not have been able to amend their complaint to include these various allegations in a timely manner. Because good cause did not exist, the district court did not abuse its discretion in denying leave to file the proposed amended complaint." *T.O. v. Fort Bend Indep. Sch. Dist.*, 2 F.4th 407, 418 (5th Cir. 2021).

- "[Plaintiffs] had been aware of the factual underpinnings of the fraud claim for some time, and that they had not been diligent in pursuing the claim." *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 644 (5th Cir. 2007).

- "[T]he same facts were known to [plaintiff] from the time of its original complaint to the time it moved for leave to amend. [Plaintiff] could have asserted interference with contract from the beginning, but fails to explain why it did not." *S&W Enterprises*, 315 F.3d at 536.

One federal district court case is particularly on point.

In *Ruiz v. University of Texas M.D. Anderson Cancer Center*, the district court denied plaintiff's motion to leave to amend her complaint filed five months after the pleadings deadline and in response to defendant's motion to dismiss. *See* 291 F.R.D. 170, 171 (S.D. Tex. 2013). The court reasoned:

> Plaintiff plainly seeks to entirely replace her existing claims—which have been active for ten months—with a newly asserted claim. Such a wholesale transformation to the basis of the present action cannot be characterized as a mere 'clarification.' Plaintiff's additional argument that Defendant could have filed its motion to dismiss 'months ago' and is attempting to dismiss Plaintiff's claims by 'lying in wait' is likewise unavailing. It is Plaintiff, rather than Defendant, who is seeking leave to file a pleading well after the deadline in contravention of a scheduling order that has controlled the timing in this case for eight months. The facts giving rise to Plaintiff's [new] claim are admittedly identical to those giving rise to her [old] claims. Plaintiff therefore had the opportunity to assert claims

under the Rehabilitation Act at the time she previously amended her pleadings, or at any time prior to the March 15, 2013 deadline.

*Id.*

Like in *Ruiz*, Claimants' requested amendment entirely *replaces* their sole legal theory underlying their claims in the Statement of Claim that has been active for almost nine months. The proposed amendment cannot be characterized as simply "curing" pleading deficiencies. *See* Mot. at 2–3. The material facts underlying the new legal theories remain the same.[2] Claimants do not explain why their new legal theories asserted in the Amended Claim were not available to them on December 31, 2022. They clearly were.

Because Claimants cannot meet the threshold inquiry to show why they were not able to comply with the pleadings deadline despite their diligence, the Arbitrator should deny leave to amend. *See RE/MAX Intern., Inc. v. Trendsetter Realty, LLC*, 655 F. Supp. 2d 679, 696 (S.D. Tex. 2009) ("The absence of prejudice to the nonmovant . . . does not satisfy the 'good cause' requirement of Rule 16(b).").

**B.     Claimants' proposed amendment is unfairly prejudicial.**

If Claimants' lack of diligence in timely amending their claim was not enough to merit denial of leave (it is), Claimants' failure to explain why they waited to request leave to amend until the day Wells Fargo's Rule 33 Dispositive Motion was to be submitted to the Arbitrator for a ruling almost four months later should be. Attempts to amend pleadings after both the expiration of the pleadings deadline and the filing of a summary judgment motion are inherently prejudicial.

---

[2] The underlying facts have not changed during the (1) eleven-month period between Claimants filing the state court lawsuit and the pleadings deadline, (2) eight-month period between Claimants' receipt of the Deposit Account Agreement and the pleadings deadline, (3) the six-month period between Claimants filing their initial Statement of Claim in the Arbitration and the pleadings deadline, and (4) the seven-week period between submitting the proposed Rule 33 Dispositive Motion and the date Claimants filed this Motion.

"At some point in time delay on the part of a plaintiff can be procedurally fatal." *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (holding that trial court did not abuse its discretion by denying leave to amend filed after summary judgment motion had been submitted). Even under the more liberal standard under Federal Rule of Civil Procedure 15, the Fifth Circuit instructs courts to "more carefully scrutinize[s] a party's attempt to raise new theories of recovery by amendment when the opposing party has filed a motion for summary judgment." *See Parish v. Frazier*, 195 F.3d 761, 764 (5th Cir. 1999). The Fifth Circuit considers requested amendments filed after a party files a summary judgment motion prejudicial:

- "It is particularly prejudicial to try to amend pleadings after summary judgment motions have been filed." *Laborfest, L.L.C. v. City of San Antonio*, No. 22-50038, 2023 WL 1434272, at *3 (5th Cir. Feb. 1, 2023).

- "[A]llowing an amendment would unduly prejudice [defendant] by 'allowing [plaintiffs] to 'lay behind the log' and then raise wholly new causes of action after the deadline for amending pleadings had passed." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 423 (5th Cir. 2013) (affirming denial of leave to amend when leave was sought eleven days after the pleadings deadline and in response to defendant's motion for judgment on the pleadings).

- "[Defendants] had already filed their summary judgment motion by the time [plaintiff] sought leave to amend. Thus, not only would the district court have needed to reopen discovery, but it also would have needed to allow another round of dispositive motions." *Squyres v. Heico Cos.*, 782 F.3d 224, 238 (5th Cir. 2015) (affirming denial of motion to leave filed two days before plaintiff's response to defendants' summary judgment motion was due).

Notably, Claimants cannot avoid this result by attempting to characterize Wells Fargo's Rule 33 Dispositive Motion as motion to dismiss under Texas Rule of Civil Procedure 91a. *See* Mot. at 2–3. Rule 91a requires a motion to dismiss to be filed within sixty days after the pleading containing the challenged cause of action is served. TEX. R. CIV. P. 91a. Here, Wells Fargo requested leave to file its Rule 33 Dispositive Motion almost <u>eight months</u> after Claimants filed

9

their initial claim. Significantly, Wells Fargo drafted and requested leave to file its Rule 33 Dispositive Motion only:

(1) after receipt of Claimants' initial disclosures on December 22, 2022, that incorporated by reference "the Statement of Claim (and any amendments)" as describing Claimants' legal theories;

(2) after the expiration of the pleadings deadline on December 31, 2022;

(3) in reliance on the Scheduling Order's strict-enforcement mandate; and

(4) after receipt of Claimants' written discovery responses on January 20, 2023, confirming the nature and scope of Claimants' legal theory and factual allegations.

Therefore, Wells Fargo would be prejudiced by the filing of the requested Amended Claim under the procedural circumstances of this case. *See Abrarpour v. United States*, No. H-11-2259, 2013 WL 3884194, at *2 (S.D. Tex. July 26, 2013) ("There exists potential prejudice to Defendant if the amendment were allowed . . . . It is likely that Defendant has already expended considerable time drafting the dispositive motion based on the existing complaint.").

## PRAYER

For all the reasons articulated above, Wells Fargo requests that Claimants' Motion for Leave to Amend Pleadings be denied.

Respectfully submitted,

**LOCKE LORD LLP**

By: _/s/ Daniel Durell_

**Robert T. Mowrey**
State Bar No. 14607500
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com
aanthony@lockelord.com

**B. David L. Foster**
State Bar No. 24031555
**Daniel Durell**
State Bar No. 24078450
300 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
daniel.durell@lockelord.com

**ATTORNEYS FOR RESPONDENT WELLS FARGO BANK, N.A.**

11

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on this the 25th day of April, 2023, as indicated below to the following and to each counsel of record:

**VIA EMAIL**
Ernest W. "Butch" Boyd
Michael J. Blanchard
Butch Boyd Law Firm
2905 Sackett Street
Houston, Texas 77098
butchboyd@butchboydlawfirm.com
mikeblanchard@butchboydlawfirm.com

**VIA EMAIL**
L. Boyd Smith Jr.
The Boyd Smith Law Firm PLLC
2905 Sackett St
Houston, TX 77098-1127
bsmith@boydsmithlaw.com

**VIA EMAIL**
Michael R. Gallagher
The Gallagher Law Firm PLLC
2905 Sackett Street
Houston, Texas 77098
mike@gld-law.com

                              */s/ Daniel Durell*
                              Daniel Durell